# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 15-652V
**Filed: May 31, 2016**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | * | |
| MATTHEW WOLFE, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Special Master Hamilton-Fieldman |
| | * | |
| | * | Joint Stipulation on Damages; |
| v. | * | Joint Stipulation on |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | * | |

<u>Timothy John Carpurso</u>, Gordon, Feinblatt, et al., Baltimore, MD, for Petitioner.
<u>Ryan Daniel Pyles</u>, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION[1]

On July 29, 2014, Stephanie Wolfe filed a petition, on behalf of her then-minor son, Matthew Wolfe ("Petitioner"),[2] pursuant to the National Vaccine Injury Compensation Program.[3]  Petitioner alleges that his receipt of the meningococcal vaccine on June 27, 2012 caused him to develop Guillain-Barré Syndrome ("GBS").

On May 31, 2016, the parties filed a stipulation in which they state that a decision should be entered awarding compensation and attorneys' fees and costs.  Respondent denies that the meningococcal vaccine is the cause of Petitioner's alleged GBS and/or any other injury.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the purposes espoused in the E-Government Act of 2002.  <u>See</u> 44 U.S.C. § 3501 (2012).  Each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] On October 26, 2015, the case caption was amended to reflect the fact that Petitioner was no longer a minor and was pursuing the case on his own behalf.

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012).

Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.

The undersigned finds the stipulation reasonable, observes that this petition was brought in good faith and that there existed a reasonable basis for the claim, and notes that in accordance with General Order #9, the parties represent that Petitioner did personally not incur any costs in pursuit of his vaccine claim.  Accordingly, the undersigned adopts the stipulation as the decision of the Court in awarding damages and attorneys' fees, on the terms set forth therein:

The parties stipulate that Petitioner shall receive the following compensation:

A lump sum of **$85,000.00**, in the form of a check payable to [P]etitioner.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

A lump sum of **$21,000.00**, in the form of a check payable jointly to [P]etitioner and [P]etitioner's counsel, Timothy J. Carpuso, Esq., for all attorneys' fees and litigation costs available under 42 U.S.C. § 300aa-15(e).

Stipulation at 2, ECF No. 27.

In sum, the undersigned approves the requested amount for Petitioner's compensation and attorneys' fees and costs.  Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

**IT IS SO ORDERED.**

s/ Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[4] Entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.  Vaccine Rule 11(a).

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

MATTHEW WOLFE,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

No. 15-652V
Special Master Lisa Hamilton-Fieldman

## **STIPULATION**

The parties hereby stipulate to the following matters:

1. Stephanie Wolfe filed a petition for vaccine compensation on behalf of her son, Matthew Wolfe, who was a minor at the time, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). Upon reaching the age of majority, Matthew Wolfe (hereinafter referred to as "petitioner") was substituted as petitioner. The petition seeks compensation for injuries allegedly related to petitioner's receipt of a meningococcal vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received a meningococcal vaccine on or about June 27, 2012.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the meningococcal vaccine caused him to develop Guillain-Barré Syndrome ("GBS") and that he experienced residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of his condition.

1

6. Respondent denies that the meningococcal immunization is the cause of petitioner's alleged GBS and/or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

    a. A lump sum of **$85,000.00** in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and

    b. A lump sum of **$21,000.00** in the form of a check payable jointly to petitioner and petitioner's counsel, Timothy J. Capurso, Esq., for all attorneys' fees and litigation costs available under 42 U.S.C. § 300aa-15(e). Pursuant to General Order #9, petitioner represents that he advanced no reimbursable costs in pursuit of his claim.

9. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

10. Payments made pursuant to paragraph 8 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a

2

strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

12. In return for the payments described in paragraph 8, petitioner, in his individual capacity and on behalf of his heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the meningococcal vaccination administered on or about June 27, 2012, as alleged by petitioner in a petition for vaccine compensation filed on or about June 23, 2015, as amended on October 26, 2015, in the United States Court of Federal Claims as petition No. 15-652V.

13. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon written notice to the Court on behalf of either or both of the parties.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act

or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the meningococcal vaccine caused petitioner's alleged GBS and/or any other injury.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

MATTHEW WOLFE

**ATTORNEY OF RECORD FOR PETITIONER:**

TIMOTHY J. CAPURSO
GORDON FEINBLATT LLC
233 E. Redwood St., 7th Floor
Baltimore, Maryland 21202
(410) 576-4110

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

NARAYAN NAIR, M.D.
Acting Director, Division of
Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

RYAN D. PYLES
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-9847

Dated: May 31, 2016

5